# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MEACHEL BATTLE, | ) | CASE NO. 1:11MC61 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| CHICAGO CYCLE, INC., | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Before the Court are plaintiff's objections (Doc. No. 10) to an order (Doc. No. 8) of Magistrate Judge George J. Limbert quashing a subpoena served upon the non-party movant, ServiceGuard Systems, Inc. ("SSI") and granting a protective order. For the reasons discussed below, pursuant to Fed. R. Civ. P. 72(a), the objections are overruled in part and sustained in part.

## I. BACKGROUND

On September 30, 2010, plaintiff filed in an Illinois state court a putative class action seeking damages against Chicago Cycle, Inc. for allegedly inducing plaintiff to purchase extended service contracts on two scooters, but then failing to remit the premium payments to SSI, the third-party warranty provider. Chicago Cycle removed the action to the U.S. District Court for the Northern District of Illinois ("the underlying action"). The underlying action has

had many delays.[1] No motion to certify a class has yet been filed. Therefore, Meachal Battle is the sole plaintiff in the underlying action at this time.

On or about April 5, 2011, plaintiff's counsel, Antonio DeBlasio, who is not a member of the bar of this Court, issued a subpoena *duces tecum* on behalf of the U.S. District Court for the Northern District of Ohio and served it upon SSI's registered agent in Shaker Heights, Ohio by certified mail. The subpoena listed the following categories of documents for SSI to produce at Mr. DeBlasio's law offices in Oak Brook, Illinois:

1. All documents reflecting the terms and conditions of any agreement, understanding or relationship between SSI and Chicago Cycle relating to the marketing, offering or sale of Extended Service Contracts to customers of Chicago Cycle.

2. All documents relating to any authorization given by SSI to Chicago Cycle to market, offer or sell Extended Service Contracts to customers of Chicago Cycle.

3. All documents relating to the policies, practices or procedures that Chicago Cycle was to follow in connection with the sale of SSI Extended Service Contracts to its customers.

4. All documents relating to the failure of Chicago Cycle to follow any policy, practice or procedure in connection with the sale of SSI Extended Service Contracts to its customers.

5. All documents relating to the policies, practices or procedures that SSI was to follow in connection with the sale of SSI Extended Service Contracts to Chicago Cycle customers.

6. Copies of all Extended Service Contracts sold to customers of Chicago Cycle from January 1, 2000 to the current date, including, but not limited to, the Extended Service Contract purportedly sold to Plaintiff Meachel Battle.

7. A copy of the Service Contract Booklet referenced in the Extended Service Contract Application attached hereto at Tab A.

---

[1] Some of the delay has, admittedly, resulted from the fact that this motion to quash subpoena has remained unresolved by this Court.

8. All documents sufficient to reflect the premium amounts paid by each customer to Chicago Cycle for Extended Service Contracts from January 1, 2000 through the current date.

9. All documents sufficient to reflect all premium amounts received by SSI in relation to each Extended Service Contract sold to a customer of Chicago Cycle from January 1, 2000 through the current date.

10. All communications between SSI and Chicago Cycle dated from January 1, 2000 to the current date relating to the marketing, offering or sale of Extended Service Contracts to customers.

11. All communications between SSI and any third party dated from January 1, 2000 to the current date relating to the marketing, offering or sale of Extended Service Contracts by Chicago Cycle to customers.

12. All documents constituting or relating to notices, claims or complaints by any person (e.g., consumer) relating to the marketing, offering or sale of SSI Extended Service Contracts through Chicago Cycle.

13. All documents constituting or relating to notices, claims or complaints that any person (e.g., consumer) had paid for an Extended Service Contract in connection with a vehicle purchased from Chicago Cycle, but the person did not receive the actual Extended Service Contract from SSI.

14. All documents constituting or relating to notices, claims or complaints that any person (e.g., consumer) had paid for an Extended Service Contract in connection with a vehicle purchased from Chicago Cycle, but Chicago Cycle had not procured the Extended Service Contract on their behalf through SSI.

15. All documents relating to audits, analyses or assessments performed by or on behalf of SSI relating to Chicago Cycle's sale of Extended Service Contracts from January 1, 2000 to the current date.

16. All documents sufficient to identify any lawsuits or alternative dispute resolution proceedings (e.g., arbitration) between SSI and Chicago Cycle related to the marketing, offering or sale of Extended Service Contracts.

17. All documents relating to the termination of any authorization previously given by SSI to Chicago Cycle to market, offer or sell Extended Service Contracts to customers of Chicago Cycle.

18. All documents reflecting the termination of any agreement, understanding or relationship between SSI and Chicago Cycle relating to the marketing, offering or sale of Extended Service Contracts to customers.

19. All documents setting forth the reasons why the relationship between SSI and Chicago Cycle terminated.

20. All communications between SSI and Chicago Cycle relating to the termination of any agreement, understanding or relationship between them.

21. All communications between SSI and any third party relating to the termination of any agreement, understanding or relationship between SSI and Chicago Cycle.

(Doc. No. 1-4.)

Without waiving any objections, SSI produced some limited responses and documentation, and unsuccessfully engaged plaintiff's counsel in a telephone conference to try to resolve their differences relating to the remainder of the requests.

On August 1, 2011, SSI filed the instant motion to quash the subpoena, arguing that (1) it requires SSI to produce documents at a location more than 100 miles from its principal place of business in violation of Fed. R. Civ. P. 45(b)(2)(B); (2) it is not valid under Rule 45(a)(3) because it is neither (a) signed by an attorney admitted to practice in this district, nor (b) issued for production in this district; (3) it subjects SSI to an undue burden in violation of Rule 45(c)(3)(A)(iv), when, under Rule 26(b)(2)(C), the documentation can be obtained from another source that is more convenient, less burdensome and less expensive, namely, Chicago Cycle; (4) it seeks documentation from SSI that is outside the scope of relevant discovery since the underlying action has not yet been certified as a class action; and (5) it requests information protected by work-product and/or attorney-client privilege and seeks confidential/proprietary information. The motion also sought a protective order under Rule 26.

On August 29, 2011, the Court referred the matter, construed as a non-dispositive discovery dispute, to Magistrate Judge Limbert for resolution. On September 15, 2011, the magistrate judge conducted a telephonic hearing and, on October 18, 2011, issued an order quashing the subpoena and granting a protective order. (Doc. No. 8.)

On November 2, 2011, plaintiff timely filed objections pursuant to Fed. R. Civ. P. 72(a) (Doc. No. 10) and, on November 15, 2011, SSI timely filed its opposition to the objections. Without leave of Court, plaintiff filed a reply brief. (Doc. No. 16.)

On November 29, 2011, defendant filed a motion (Doc. No. 17) to strike certain portions of Doc. Nos. 10 and 16. Plaintiff filed a response in opposition (Doc. No. 18) and SSI filed a reply (Doc. No. 19).

After the Court had taken these matters under advisement and was prepared to rule, it received a letter from Antonio DeBlasio, who represents Battle in the underlying action, informing the Court that, on October 4, 2012, Battle had filed a first amended complaint in the underlying action adding SSI as a party defendent therein. (Doc. No. 21.) Two days later, the Court received a letter (Doc. No. 22) from Leslie Wargo, who represents SSI in the instant action, asserting that, to the extent Mr. DeBlasio's letter may suggest that the matters currently under advisement are moot, she would disagree.

## II.  DISCUSSION

**A.     Preliminary Matters**

Fed. R. Civ. P. 72(a) provides that a magistrate judge can hear and decide a non-dispositive matter referred by the district judge. It further provides that "[a] party may serve and file objections to the order within 14 days after being served with a copy." The Advisory

Committee Notes to Rule 72(a) state that "[i]t also is contemplated that a party who is successful before the magistrate will be afforded an opportunity to respond to objections raised to the magistrate's ruling." Neither the Rule nor the Advisory Committee Notes contemplate a reply brief. Accordingly, Doc. No. 16 is **STRICKEN** and has not been considered by the Court.

SSI also filed a motion to strike certain parts of plaintiff's objections and reply brief. Since the reply brief is already stricken, that portion of the motion is rendered moot. Having read SSI's motion to strike, the Court agrees with plaintiff that it is no more than an improper sur-reply brief styled as a motion to strike. Accordingly, Doc. No. 17 is **DENIED**.

**B.     Plaintiff's Objections**

When a magistrate judge has decided a non-dispositive matter in a case which has been referred to him, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A ruling is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Perales*, No. 11-8045, 2012 WL 902790, at *1 (6th Cir. Mar. 12, 2012).

The magistrate judge determined that, although the subpoena violates the 100-mile rule of Fed. R. Civ. P. 45(b)(2)(B), that is insufficient reason to quash it because the defect can be remedied. The magistrate judge also determined, however, that the subpoena violates Fed. R. Civ. P. 45(c)(1) because it imposes an undue burden and expense on SSI in two ways: (1) making overly broad requests where no class has yet been certified, and (2) seeking information that is available from other sources, namely, defendant Chicago Cycle and its parent company, Giant Motorsports, Inc. The magistrate judge granted the motion to quash the subpoena *duces tecum* and, without further analysis, granted the motion for protective order.

Plaintiff raises three objections: (1) that the subpoena was properly issued in compliance with Fed. R. Civ. P. 45(b)(2); (2) that the subpoena is not unduly burdensome; and (3) that the magistrate judge granted a protective order without performing the analysis required by Fed. R. Civ. P. 26(c)(1). The Court will address each of the three objections under the clearly erroneous standard.

### 1. Issuance of the Subpoena under Rule 45

The magistrate judge found that the subpoena violated Rule 45(b)(2)(B) because it required SSI to produce documents in Illinois, a location more than 100 miles from its principal place of business in Ohio. (Doc. No. 8, at 6.)

Rule 45(b)(2) states, in relevant part:

> (b)  *Service.*
> * * *
> (2)  *Service in the United States.* Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place:
>     (A)  within the district of the issuing court;
>     (B)  outside the district court but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection[.]
> * * *

This rule deals with where a subpoena may be *served* in reference to the issuing court: either within the district of the issuing court, or outside that district but within 100 miles of the place of production. The subpoena at issue here was served within the district of the issuing court, i.e., within the Northern District of Ohio (Rule 45(b)(2)(A)), not outside the district (Rule 45(b)(2)(B)). Therefore, the section of the rule relied upon by the magistrate judge does not directly apply and, to that extent, plaintiff's objection must be sustained.[2]

---

[2] SSI argues in its opposition brief that Rule 45(c)(3) also applies. That subsection of the rule states that "[o]n timely motion, the issuing court must quash or modify a subpoena that: . . . (ii) requires a person who is neither a party nor

7

However, although the magistrate judge's order relied upon the wrong subsection, Rule 45 still applies to invalidate the subpoena because Rule 45(a)(2)(C) requires that a subpoena should issue "from the court for the district where the production or inspection is to be made." Here, production was commanded in Illinois; therefore, the subpoena should have been issued on behalf of the Northern District of Illinois. Although under Rule 45(a)(3)(B), Mr. DeBlasio—who appears to be admitted to practice in the Northern District of Illinois—could have properly issued a subpoena in Ohio on behalf of the Northern District of Illinois commanding production in Illinois, if he had done so, the subpoena's issuance *would* have triggered Rule 45(b)(2)(B)'s service provision as service would not have been within 100 miles of the place of production. As it turns out, Mr. DeBlasio, who is not admitted in this Court, attempted to issue a subpoena on behalf of this Court for production of documents in another district more than 100 miles away. This constitutes non-compliance with Rule 45 and warrants quashing the subpoena. *See Avante Intern. Tech. Corp. v. Diebold Election Sys.*, No. 1:07-MC-00063, 2007 WL 2688238, at * 2-3 (N.D. Ohio Sept. 11, 2007) (striking a deposition subpoena under the former version of Rule 45, which is substantially the same as the current version).[3] Had

---

a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . . ." Here, the subpoena commands SSI to "produce the following documents or information to DeBlasio Law Group, LLC, 2001 Midwest Road, Suite 100, Oak Brook, Illinois, 60523, within twenty one (21) days from the date on which these requests were served, unless otherwise agreed to in writing by Plaintiff[.]" (Doc. No. 1-4, at 3.) There is nothing to suggest that anyone from SSI must personally appear to produce the documents. There is no deposition connected with the subpoena. Clearly, the documents, if produced, could simply be mailed. *See* Rule 45(c)(2)(A) (appearance not required to produce documents unless a deposition is also commanded). Therefore, Rule 45(c)(3) is inapplicable here.

[3] In *Avante*, the court determined that, since the subpoena would be quashed under three provisions of Rule 45, it "need not address whether it or any other discovery requests involving [the non-party] Swidarski would impose an 'undue burden' on him under Rule 45(c)(3)(A)(iv) or could be obtained from a 'more convenient, less burdensome' source under Rule 26(b)(2)(C), thereby warranting a protective order pursuant to Rule 26(c)." 2007 WL 2688238, at * 3. However, *Avante* was a direct decision by a district court judge. Here, this Court is examining objections to a magistrate judge's ruling on a non-dispositive discovery matter and, therefore, in an abundance of caution, will address each of plaintiff's objections.

Mr. DeBlasio issued a subpoena from this Court for production within this district,[4] he would not have run afoul of Rule 45.

### 2. Undue Burden on SSI

Although the Court finds that the subpoena in this case was not in compliance with Rule 45, even if it were, the subpoena would be appropriately quashed due to the undue burden it places upon SSI.

Rule 45(c) addresses protection of persons subject to subpoenas. Under Rule 45(c)(3)(iv), "the issuing court must quash or modify a subpoena that . . . subjects a person to undue burden." In determining undue burden, a court considers "such factors as relevance, the need of the [requesting] party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (internal citations and quotation marks omitted). "Courts are required to balance the need for discovery against the burden imposed on the person ordered to produce documents, and the status of a person as a non-party is a factor that weighs against disclosure." *Id*. The burden is on the party requesting information to "establish a need for the breadth of the information sought, in

---

[4] Under Rule 45(a)(3)(B), Mr. DeBlasio could have issued a subpoena on behalf of this Court for production of documents within this district because he is admitted to practice in the court where the action relating to the subpoena is pending. He did not do so. At page 4 of his objections, plaintiff now suggests that he would be willing to permit production of the documents at a location in Ohio. However, he has neither reissued the subpoena nor supplied the Court with a new address in Ohio. As in *Avante*, *supra*, "[w]hile the Court appreciates and encourages parties' efforts to accommodate, the question before this Court is whether *this* subpoena, issued . . . on behalf of the Northern District of Ohio and compelling . . . attendance at a deposition in St. Louis, Missouri, violates the Federal Rules of Civil Procedure." 2007 WL 2688238, at * 3.
  The Court also rejects plaintiff's argument that SSI waived any right to challenge the location of production by mailing some documents to Illinois. When SSI did supply some documents responsive to the subpoena, it did so by letter dated May 16, 2011, wherein it challenged plaintiff's compliance with Rule 45 and expressly noted that its production was "[w]ithout waiving said jurisdictional objection[.]" (Doc. No. 12-5.)

response to [a non-party's] *prima facie* showing that the discovery [would be] burdensome." *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 425 (6th Cir. 1993).

Plaintiff objects to the magistrate judge's determination that the discovery request was unduly burdensome because it was too broad, in view of the fact that no class has yet been certified, and because he has failed to show that he is unable to procure the subpoenaed materials from another source, namely, defendant Chicago Cycle.

With respect to his objection to the first finding regarding undue burden and the lack of class certification in the underlying action, plaintiff asserts that the court in the underlying action ordered a two-phased discovery. The first phase, plaintiff contends, is dedicated to discovery of insurance coverage procured by the defendant and defendant's relationships with third party extended service warranty providers, and the second phase is dedicated to issues relating to certification of the class. Plaintiff argues, "the trial court, in its discretion, has ordered that class certification is not a prerequisite to conducting discovery from third party warranty providers such as SSI." (Doc. No. 10, at 5.) Plaintiff asserts that the magistrate judge's order "turns the trial court's discovery order on its head by requiring class certification before allowing discovery to be sought from SSI." (*Id.*).

The Court rejects this portion of plaintiff's objection to the magistrate judge's order. First, it is difficult to ascertain from the materials supplied by plaintiff exactly what subject matter the two phases of discovery in the underlying action encompass. In the underlying action, the parties submitted a Joint Initial Status Report (Doc. No. 10, Ex. A, Att. 3) wherein plaintiff proposed two phases of discovery, but defendant opposed it. The so-called "discovery order" of the trial court is a "Notification of Docket Entry," which states in full that a status

hearing was conducted and "[j]oint initial discovery to be conducted. Bifurcation of discovery will be permitted." (Doc. No. 10, Ex. A, Att. 4.)

In view of that record evidence, the magistrate judge did not err by "consider[ing] the relevance of the discovery sought as it relates to the pending claims." (Doc. No. 8, at 8.) Nor did he err in determining that the discovery sought from SSI is "well beyond the scope of the claims presented" in the current posture of the underlying action, especially given that no class certification has been sought.

With respect to the second half of plaintiff's objection, that the magistrate judge erred by concluding that plaintiff had failed to show that he could not obtain the same discovery from Chicago Cycle, plaintiff asserts that this is not supported by the record evidence. He argues that he has served Chicago Cycle, a defunct corporation, with discovery requests, to no avail. Chicago Cycle has only informed plaintiff that its records are in storage in Ohio in boxes that are not organized as "going business" files. Although plaintiff filed a motion to compel in the underlying action, the docket of that case (available through PACER) shows that the motion was denied by a minute entry dated October 17, 2011, with no reason given by the trial court for the denial.[5] Plaintiff also alleges that he has diligently pursued the same discovery from Chicago Cycle's parent company, Giant Motorsports, also to no avail. Finally, plaintiff asserts that many of the records sought from SSI would not be in the possession of Chicago Cycle.

Plaintiff's arguments do not satisfy the Court that he is entitled to the discovery he seeks from SSI, at least not at this point in the process. The Court sees no problem with plaintiff

---

[5] Inexplicably, plaintiff's objections stated that the motion was still under consideration at the time the objections were filed on November 2, 2011. (Doc. No. 10, at 6.)

discovering from SSI whatever he can relating to *his own* extended service contracts (or lack thereof); but the subpoena *duces tecum* goes far beyond plaintiff's individual claims.

The Court also rejects plaintiff's argument that SSI has failed to show undue burden. In his objections, plaintiff belatedly claims that his discovery request can now be limited to about 250 SSI customers, not the thousands identified by the magistrate judge, and to a time period between 2004 through 2006, not 2000 through 2006. (Doc. No. 10, at 7-8.) However, the subpoena is what it is. It has not been re-issued or modified.

Therefore, the Court overrules this objection. In doing so, the Court expressly states that there may come a time in the underlying litigation where some or all of the discovery plaintiff now seeks from SSI *may* be appropriate.[6] If so, plaintiff can again seek the discovery. However, at present, given the procedural posture of the underlying action, plaintiff's discovery request is overreaching.

### 3. Protective Order under Rule 26

Plaintiff argues that the magistrate judge simply granted SSI's motion for protective order without engaging in the separate analysis required by Fed. R. Civ. P. 26(c)(1).

Rule 26(c), dealing with protective orders relating to discovery, provides in relevant part:

> (1) *In General*. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to

---

[6] The Court also notes that, even if a motion to certify a class is filed, there is no guarantee that it will be granted. Should the trial court in the underlying action determine that a class is appropriate, undoubtedly class discovery will then commence and, perhaps, discovery of information from the non-party SSI may then be appropriate. That issue is premature to decide.

>protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

Fed. R. Civ. P. 26(c)(1).

Here, the magistrate judge's order explored why and how SSI would be subjected to "undue burden or expense" if the subpoena were not quashed. He ultimately stated that "the motion to quash subpoena *duces tecum* and for protective order is GRANTED." (Doc. No. 8, at 9, capitalization in original). He did not separately analyze Rule 26(c).

This Court is of the view that, while the subpoena is properly quashed by this Court at this juncture of the proceedings, to also grant a protective order would be too broad an action. The Court believes that whether a protective order should issue is a matter to be taken up with "the court where the [underlying] action is pending" if the subpoena is ever reissued. Fed. R. Civ. P. 26(c)(1).[7] To decide now that a protective order going forward is uniformly appropriate is too wide a net to cast. Quashing the subpoena is sufficient and has the effect of protecting SSI at this time. Should the subpoena be reissued and not quashed, the appropriate court can then decide whether there is any ground for a protective order and, if so, which, if any, of the eight methods of protection set forth in Rule 26 would also be appropriate.

To the extent plaintiff objects to the magistrate judge's order granting a protective order, that objection is sustained. However, that does not mean SSI will *never* be entitled to a protective order with respect to discovery that may be sought in the future by plaintiff.

---

[7] Rule 26(c)(1) provides the alternative of moving for a protective order " in the court for the district where the deposition will be taken" for "matters relating to a deposition." However, it does not offer that same alternative for discovery requesting production of documents. Therefore, it appears that the only place for SSI to seek a protective order would be the Northern District of Illinois ("the court where the action is pending"), although it was proper to seek from *this* Court an order to quash the subpoena issued on behalf of this Court.

### III. CONCLUSION

For the reasons set forth above, plaintiff's objections (Doc. No. 10) are **OVERRULED IN PART AND SUSTAINED IN PART**. The magistrate judge's order dated October 18, 2011 is affirmed to the extent it granted Doc. No. 1 and quashed the subpoena *duces tecum*. The order is vacated to the extent it granted Doc. No. 1 by issuing a protective order.

SSI's motion to strike (Doc. No. 17) is **DENIED**.

Plaintiff's reply to the opposition to his objections (Doc. No. 16) is **STRICKEN**.

The Court expressly notes that this order and its reasoning apply solely to the matters before this Court, namely, the propriety of quashing a subpoena and issuing a protective order. Now that SSI has been added as a party defendant to the case pending in the Northern District of Illinois, it will be for that court to determine whether such joinder was proper and what, if any, discovery will be permitted.

**IT IS SO ORDERED**.

Dated: November 13, 2012

                                            **HONORABLE SARA LIOI**
                                            **UNITED STATES DISTRICT JUDGE**